MATTER OF WOJCIK

In Deportation Proceedings

A-11587960

*Decided by Board May 5, 1966*

Where the application of a temporary visitor, a citizen of Poland, for a change of nonimmigrant status to student was accompanied by a duly executed Form DSP-66, Certificate of Eligibility for Exchange Visitor Status, her status was properly changed to that of exchange visitor under section 101(a) (15)(J) of the Immigration and Nationality Act notwithstanding Poland was not a signatory to the Exchange Visitor Program and notwithstanding she now alleges unawareness of the limitations on such status when she first received it, particularly since she has applied for and received in such status a series of extensions of stay and transfers to various programs for a period of over 6 years. Therefore, in the absence of a waiver of the foreign residence requirement, she is precluded by section 244(f) of the Act from establishing eligibility for suspension of deportation.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—Admission as a visitor for pleasure and change of status to exchange visitor.

The case comes forward on appeal from the order of the special inquiry officer dated February 28, 1966 finding the respondent deportable on the charge stated in the order to show cause, denying her application for suspension of deportation under section 244(a). (1) of the Immigration and Nationality Act, further ordering that she be granted the privilege of voluntary departure in lieu of deportation with the further order that if she failed to depart when and as required, she be deported to England, alternatively to Poland, on the charge stated in the order to show cause.

The record relates to a native of Bijsk, Russia, a citizen of Poland, 48 years old, female, unmarried, who last entered the United States at the port of New York on or about April 13, 1958 at which time she was admitted as a nonimmigrant visitor for pleasure. She was authorized to remain in the United States in that status until April 12, 1959.

The respondent's status was changed to that of a nonimmigrant exchange visitor on March 31, 1959 and she has been granted a series of extensions of stay in that status until August 10, 1965. She has remained in the United States beyond that date without authority.

The special inquiry officer has set forth a full summary of the facts. The record contains Form I-506, Application for Change of Nonimmigrant Status, executed by the respondent on March 30, 1959 in which she stated that she desired to have her nonimmigrant status changed to that of "student" because of her studies in medicine at Presbyterian Hospital. However, in connection with her application, she submitted Form DSP-66, Certificate of Eligibility for Exchange Visitor's Status, executed by the Acting Dean, Faculty of Medicine, Columbia University which stated that the respondent was a full-time observer in the Department of Pediatrics and was selected as an exchange visitor to participate in Exchange Visitor's Program No. P-I-381. The immigrant officer, to whom the Forms I-506 and DSP-66 were presented, reclassified the respondent to the status of a nonimmigrant exchange visitor under section 101(a)(15) (J) of the Immigration and Nationality Act, permission to remain in the United States until December 31, 1959 was granted and reference was made to "Program No. P-I-381 Columbia University" in such authorization. The reverse side of Form DSP-66 contains numerous references to the exchange visitor program, including the information that exchange visitors are not eligible for adjustment of status to aliens admitted for permanent residence, or to any other nonimmigrant classification, but must leave the United States upon completion of entry; and that exchange visitors are not eligible for immigrant visas until after they have accumulated two years residence in a cooperating country or countries, following completion of their stay in the United States, unless this provision is waived by the Attorney General of the United States acting upon recommendation of the Secretary of State. The respondent signed this form underneath the line which stated "I agree to conform to the conditions as outlined above."

The respondent testified that she had requested a change of status to that of student, and that she was not advised of and was unaware of the provisions and limitations of the exchange visitor program; that she first became aware of the fact that she had the status of exchange visitor after July 1959 when she consulted an organization to assist her in transferring from the Presbyterian Hospital to another hospital. However, after becoming aware of the limitations contained in the Exchange Visitor's Program, she admittedly re-

604

ceived a series of extensions of stay and approval of transfers to various programs under the Exchange Visitor's Program on the basis of requests made by her until July 30, 1965. On July 20, 1965 her application for further stay was denied and she was granted until August 10, 1965 to effect departure from the United States. Assuming that the respondent was unaware of the limitation on her exchange student status when she first received that status, she did become aware of limitations thereon after July 1, 1959 and has applied for and received several extensions of temporary stay in the United States under that status. It is apparent that the respondent could not have remained in the United States under any other status but that of an exchange student or exchange visitor. The charge contained in the order to show cause is sustained.

At the hearing, counsel contended that the respondent's status was not validly changed to that of an exchange visitor since Poland was not a signatory to the Exchange Visitor Program and respondent could not therefore be properly invested with that status. Under the Information and Educational Exchange Act of 1948, as amended by section 402(f) of the Immigration and Nationality Act of 1952 and the Act of June 4, 1956, provision was made for the interchange, on a reciprocal basis between the United States and other countries, of students and teachers. Section 101(a)(15)(J) of the Immigration and Nationality Act defines the immigration status of such aliens and nowhere in any of the pertinent acts or regulations is there any requirement that foreign countries must be signatories to an agreement controlling the admission of exchange visitors. Counsel's argument in this regard fails.

Insofar as the respondent's claim that she was classified as an exchange visitor without her full knowledge and consent and therefore the change without legal effect, it is noted that the respondent when she applied for a change of status presented with her application for such change of status a Form DSP-66, Certificate of Eligibility for Exchange Visitor Status signed by the Acting Dean, Faculty of Medicine, Columbia University. The immigration officer, in relying upon these documents, was justified in changing her status to that of an exchange visitor. The respondent has admitted that she knew the form was labeled a certificate of eligibility. In addition, after the respondent became aware of the limitations of her exchange visitor status, she continued to make applications and received extensions of temporary stay in the exchange visitor's status which had been conferred upon her. Even if she did not know at the outset of the limitations on her exchange visitor's status, her

subsequent applications and extensions of temporary stay were made with knowledge of limitations of her status and she has received the benefits of that status. It does not appear that in the extensions of temporary stay she was misled and the respondent has achieved her purpose of remaining in the United States.

There is no evidence that the respondent ever requested a change of status to that of a student at an approved school. Counsel's argument that she might have qualified for first preference status is speculative in view of her statement that she wanted to continue her studies in medicine in this country, and the absence of a petition of any institution requesting her services. It is not believed that the respondent's claim that the exchange student's status was conferred upon her erroneously, which is now asserted almost seven years after she acquired and enjoyed that status, is entitled to any weight. The discretionary relief of suspension of deportation is not available to her because of the specific bar contained in section 244(f) of the Immigration and Nationality Act applicable to exchange visitors.

The respondent's only family ties in the United States are a brother, whose immigration status is not shown by the record. The grant of voluntary departure appears to be the maximum relief available to the respondent absent the grant of a waiver of the two years' foreign residence requirement.[1] In the event the respondent does obtain a waiver of the foreign residence requirement as provided by section 212(e) of the Immigration and Nationality Act, we will then entertain a motion to reopen the proceedings. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Matter of Chien,* 10 I. & N. Dec. 387.